UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: PROGRAF ANTITRUST LITIGATION**

| | |
|---|---|
| Louisiana Wholesale Drug Company, Inc. v. Astellas Pharma US, Inc., )<br>    D. Delaware, C.A. No. 1:11-00225                                                        )<br>Burlington Drug Company Inc. v. Astellas Pharma US, Inc.,                  )  MDL No. 2242<br>    D. Delaware, C.A. No. 1:11-00228                                                        )<br>Stephen L. LaFrance Holdings, Inc., et al. v. Astellas Pharma US, Inc.,  )<br>    D. Massachusetts, C.A. No. 1:11-10344                                              ) | |

**TRANSFER ORDER**

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in an action pending in the District of Massachusetts move to centralize this litigation in that district.  The litigation currently consists of that action and two actions pending in the District of Delaware.[1]

Plaintiffs in the two District of Delaware actions and a potential tag-along action also pending in the District of Delaware support centralization, but urge the Panel to select that district as transferee district.  Plaintiff in a potential tag-along action pending in the Northern District of Illinois argues in favor of centralization in that district (but, in the alternative, supports centralization in the District of Massachusetts).  Responding defendant Astellas Pharma US, Inc. (Astellas) also supports centralization, but joins movants in arguing for selection of the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All three actions share factual issues arising from allegations that Astellas violated the Sherman Act by unlawfully abusing the regulatory process for generic approval of drugs,[2] and, in doing so, fraudulently delayed the introduction of cheaper generic versions of its

---

    [*]    Judge Barbara S. Jones took no part in the disposition of this matter.

    [1]    The Panel has been notified of two additional related actions.  Those actions and any other related actions are potential tag-along actions.  *See* Rules 1.1(h), 7.1, and 7.2.

    [2]    More specifically, plaintiffs allege that after another pharmaceutical company sought FDA approval to market and sell generic tacrolimus capsules, Astellas filed an objectively baseless citizen petition with the agency for the purpose of delaying such approval.

- 2 -

immunosuppressant drug Prograf (tacrolimus). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Massachusetts is an appropriate transferee district for pretrial proceedings in this litigation. The first-filed action is pending there, and Judge Rya W. Zobel, an experienced transferee judge, is eminently qualified to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro